IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr237-MHT |
| | ) | (WO) |
| NA'DERIOUS JACKSON | ) | |

ORDER

Before the court is defendant Na'Derious Jackson's motion to continue his trial. For the reasons below, the court finds that jury selection and trial, now set for September 8, 2025, should be continued under 18 U.S.C. § 3161(h)(7)(B)(iv).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>    from the date the defendant has appeared
>    before a judicial officer of the court in
>    which such charge is pending, whichever date
>    last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jackson in a speedy trial. Jackson's counsel asserts that the discovery in the

2

case is voluminous and he needs further time to investigate and secure additional records so that he can properly advise Jackson as to how best to proceed in the case. There is no indication that defense counsel has failed to exercise due diligence. A continuance is warranted to ensure that counsel for Jackson has the reasonable time necessary for effective preparation of a defense. Moreover, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Na'Derious Jackson's motion to continue trial (Doc. 20) is granted.

(2) The jury selection and trial, now set for September 8, 2025, are reset for October 27, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse, Complex, One Church

Street, Montgomery, Alabama.  THERE WILL BE NO FURTHER CONTINUANCES.

The United States Magistrate Judge shall reset the deadline for change of plea and any other appropriate pretrial deadlines.

DONE, this the 15th day of August, 2025.

                                        /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**